UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD BROWN,

        Petitioner,

v.                                              Case Number: 09-CV-11655
                                                    Honorable John Corbett O'Meara

NICK LUDWICK,

        Respondent.
                                                /

**OPINION AND ORDER
(1) GRANTING PETITIONER'S "MOTION TO HOLD APPEAL IN ABEYANCE,"
(2) ADMINISTRATIVELY CLOSING THE CASE, AND (3) DENYING PETITIONER'S
"MOTION FOR RELEASE ON PERSONAL RECOGNIZANCE"**

I.

Petitioner Ronald Brown, a state inmate currently incarcerated at the Michigan Reformatory in Ionia, Michigan, filed a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner is challenging his guilty convictions, imposed on June 7, 2005, by a Wayne County, Michigan, circuit court jury, for (1) one count of first-degree, premeditated murder, MICH.COMP. LAWS § 750.316(1)(a), (2) two counts of assault with intent to commit murder, MICH.COMP. LAWS § 750.83, (3) felon in possession of a firearm, MICH.COMP. LAWS § 224f, and (4) felony firearm, MICH.COMP. LAWS § 227b.  On June 22, 2005, he was sentenced to concurrent terms of (1) life in prison for the first-degree-premeditated-murder conviction, (2) thirty-five to seventy years in prison for each of the assault-with-intent-to-murder convictions, and (3) two to five years in prison for the felon-in-possession conviction, all to be served consecutive to the mandatory two-years in prison for the felony-firearm conviction.

Respondent filed his answer to the petition on December 7, 2009, arguing that Petitioner's petition should be dismissed because he failed to exhaust his state-court remedies regarding all claims presented. The necessary Rule 5 materials were filed on December 9, 2009.

Pending before the Court is Petitioner's motion requesting that the Court hold his habeas proceedings in abeyance; Petitioner would like an opportunity to return to state court to exhaust his claim regarding newly discovered evidence, thereby complying with the exhaustion requirements of 28 U.S.C. § 2254. Petitioner contends that this newly-discovered evidence may establish his actual innocence for the crimes for which he has been convicted. He is also requesting that he be released on his own personal recognizance. For the reasons set forth below, in lieu of dismissing the petition, the Court will grant Petitioner's motion to stay the habeas proceedings, so that he may return to state court to exhaust his newly-discovered-evidence claim and will administratively close the case. However, the Court will deny Petitioner's request for release on his own personal recognizance.

II.

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given

a fair opportunity to rule upon all of Petitioner's habeas claims before he can present those claims to this Court. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

To satisfy the exhaustion requirement, a petitioner must present each ground to both Michigan appellate courts. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In his motion for stay, Petitioner states that he seeks to exhaust his claim of actual innocence based on newly discovered evidence. Petitioner states that this claim was not raised in the state courts because he did not have the evidence to support it; Petitioner alleges that he can demonstrate that he is actually innocent of the crimes for which he was convicted on the basis of evidence discovered by the Detroit Police Crime Laboratory and he wishes to pursue collateral review on the issue and then proceed in federal court on habeas review as necessary. A dismissal of this action could result in a subsequent habeas petition being barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2244(d). In light of this dilemma, courts are not precluded from:

> retain[ing] jurisdiction over a meritorious claim and stay[ing] proceedings pending the complete exhaustion of state remedies. Indeed, there is every reason to do so when AEDPA gives a district court the alternative of simply denying a petition containing unexhausted but nonmeritorious claims, *see* 28 U.S.C. § 2254(b) (2) (1994 ed., Supp. V), and when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of AEDPA's 1-year limitations period.

*Duncan v. Walker*, 533 U.S. 167, 182-83 (2001) (Stevens, J., concurring). A federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544

U.S. 269, 276 (2005). Stay and abeyance, however, are "available only in limited circumstances," such as:

> when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
> * * *
>
> And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all. *See* [ *Zarvela v. Artuz*, 254 F.3d 374, 380-81 (2d Cir. 2001)].

*Rhines*, 544 U.S. at 277-78.

In this case, Petitioner is requesting a stay because he would like to give the state courts the first opportunity to address his actual-innocence claim. Petitioner asks this Court to exercise its authority and hold his habeas petition in abeyance. Having considered the matter, the Court finds that it is appropriate to stay this case.

The Court is aware that Petitioner has already filed one post-conviction motion in the Michigan courts. Under Mich.Ct.R. 6.502(G)(1), a criminal defendant in Michigan can typically file only one motion for relief from judgment with regard to a criminal conviction. *See Banks v. Jackson*, 149 Fed. App'x 414, 418 (6th Cir. 2005); *Hudson v. Martin*, 68 F.Supp.2d 798, 800 (E.D. Mich. 1999) (citing to *People v. Ambrose*, 459 Mich. 884, 587 N.W.2d 282 (1998)). However, Mich.Ct.R. 6.502(G)(2) states that a defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. *Banks*, 149 Fed. App'x at 418;

4

*Hudson*, 68 F.Supp.2d at 800-01. In his motion for a stay, Petitioner is alleging that he has newly discovered evidence of his actual innocence. Because there is some likelihood that the Michigan courts might permit Petitioner to file a second post-conviction motion for relief from judgment pursuant to the newly-discovered-evidence exception contained in Mich.Ct.R. 6.502(G)(2), a procedural bar to Petitioner filing such a second motion is not clearly applicable. Therefore, the Court will grant Petitioner a stay in order to permit him to return to the state courts to attempt to exhaust his claims. *See Banks*, 149 Fed. App'x at 419-20. It appears that his claim, involving the newly-discovered evidence, is not exhausted and that the one-year limitations period applicable to habeas actions could pose a problem if this Court were to dismiss the petition to allow further exhaustion of state remedies. *See* 28 U.S.C. § 2244(d)(1).

Moreover, a showing of actual innocence is "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Schlup v. Delo*, 513 U.S. 298, 315 (1995) (citing *Herrera v. Collins*, 506 U.S. 390, 404 (1993)). A gateway claim "does not require absolute certainty about the petitioner's guilt or innocence ." *House v. Bell*, 547 U.S. 518, 538 (2006). "A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *Id.*

Against that backdrop, it would not be an abuse of discretion to stay this case while Petitioner exhausts state remedies for his claim of actual innocence. Furthermore, Petitioner's claim does not appear to be "plainly meritless." *Rhines*, 544 U.S. at 277. Petitioner contends that he did not previously raise that claim in the state courts due to his lack of knowledge of the information. The Court finds there is no indication of intentional delay by Petitioner. Accordingly, the Court

5

5:09-cv-11655-JCO-RSW   Doc # 15   Filed 12/30/09   Pg 6 of 9   Pg ID 1568

concludes that it has discretion to stay this case pending Petitioner's return to the state courts to fully exhaust his habeas claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon him time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty (60) days from the date of this order. *See Id.* Further, Petitioner must ask this Court to lift the stay within sixty (60) days of exhausting his state court remedies. *See Id.*; *See also Abela v. Martin*, 348 F.3d 164, 170 (6th Cir. 2003). "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

The Court will also direct the Clerk of the Court to administratively close the case.

III.

Petitioner also seeks immediate release from custody or release on bail pending disposition of his habeas petition. Petitioner's argument in favor of release on bail relies upon Federal Rule of Appellate Procedure 23(c), which provides:

> While a decision ordering the release of a prisoner is under review, the prisoner must–unless the court or judge ordering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise–be released on personal recognizance, with or without surety.

The United States Supreme Court has held that this rule "undoubtedly creates a presumption of release from custody in such cases." *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987). Rule 23(c)

addresses situations where a party appeals a district court's decision granting habeas relief and ordering a petitioner's release. This Court has not granted habeas relief in this case. Therefore, Rule 23(c) is inapplicable to Petitioner's case.

To receive bond pending a decision on the merits of a habeas petition, a petitioner must show a substantial claim of law based on the facts surrounding the petition and the existence of "some circumstance making the [motion for bail] exceptional and deserving of special treatment in the interests of justice." *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (citing *Aronson v. May*, 85 S.Ct. 3, 5 (1964)). "There will be few occasions where a prisoner will meet this standard." *Dotson*, 900 F.2d at 79. Because a habeas petitioner "is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).

In this case, Petitioner contends that his newly-discovered evidence is sufficiently persuasive for the Court to grant his release. However, the Court finds that Petitioner's claim is insufficiently persuasive at this time to establish the existence of any extraordinary and exceptional circumstances which merit immediate release on bond. Therefore, the Court will deny Petitioner's request for his immediate release from custody.

IV.

Accordingly, **IT IS ORDERED** that Petitioner's "Motion to Hold Appeal in Abeyance" [Dkt. # 13] is **GRANTED**, and this case is **STAYED**. The stay is conditioned on Petitioner presenting his unexhausted claims to the state courts within sixty (60) days of this order if he has not already done so. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). The stay is further

conditioned on Petitioner's return to this Court with an amended petition, using the same caption and case number, and also served upon Respondent within sixty (60) days of exhausting his state court remedies. Should Petitioner fail to comply with these conditions, his case may be subject to dismissal with prejudice.

**IT IS FURTHER ORDERED** that upon Petitioner's return to the Court that Respondent file a supplemental answer to the amended petition within ninety (90) days of receiving service of the amended habeas petition. Petitioner shall have thirty (30) days from the date of the responsive pleading to submit a reply.

**IT IS FURTHER ORDERED** that, as part of the answer, Respondent shall file with the Clerk a copy of the relevant transcripts, the relevant appellate briefs submitted by Petitioner and the prosecution, and the state appellate opinions and orders that were a part of the collateral review of Petitioner's unexhausted claims.

**IT IS FURTHER ORDERED** that the Clerk of Court **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry is meant to be an adjudication on the merits of Petitioner's claims. *See Sitto v. Bock*, 207 F.Supp.2d 668, 677 (E.D. Mich. 2002).

**IT IS FURTHER ORDERED** that Petitioner's request for release on personal recognizance is **DENIED**. (Dkt. # 14.)

**SO ORDERED**.


			s/John Corbett O'Meara
			United States District Judge


Date: December 30, 2009

     I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, December 30, 2009, using the ECF system and/or ordinary mail.

                                             s/William Barkholz
                                             Case Manager