UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD BROWN,

                Petitioner,                Case Number 5:09-cv-11655
                                                    Honorable John Corbett O'Meara

v.

LLOYD RAPELJE,

                Respondent.
_____/

OPINION AND ORDER DENYING MOTION FOR REHEARING [Dkts. 40 and 41]

      Petitioner, Ronald Brown, a state prisoner, filed this case under 28 U.S.C. § 2254. On August 8, 2013, the Court denied the amended petition. Petitioner has filed a motion for rehearing. He argues that he is actually innocent, and challenges the credibility of the prosecutor's witnesses and asserts that the police planted evidence against him. Petitioner also asserts that his counsel conceded his guilt during jury selection.

      Local Rule 7.1(h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof. A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

      In the present case, the arguments raised by Petitioner in his motion for rehearing were already raised and decided, either explicitly or by reasonable implication, in Petitioner's amended petition. The motion for reconsideration will therefore be denied. *See Hence v. Smith*, 49 F. Supp.

2d 547, 553 (E.D. Mich. 1999). Petitioner again asserts that his children were coerced to testify against him, that he had an alibi, and that the police planted the bullet fragments fired from his gun by the victim's house. As explained in detail in the opinion denying the amended petition, contrary to his arguments, the evidence of Petitioner's guilt was overwhelming. After shooting up the victim's house, Petitioner gave his handgun to a friend to hide. Instead of hiding it, the friend revealed its location to the police. Testing of the weapon then revealed that it was the handgun used to eject the bullet casings found in Petitioner's car, and another matching casing was found in Petitioner's bedroom. Gunshot residue was found on his hand. Petitioner had a motive to commit the crime because someone from the victim's house had severely injured his daughter with a brick the day before. Petitioner has not demonstrated his actual innocence.

With respect to his counsel's statement during jury selection. Counsel started by telling the jury, rhetorically, that they might assume that Petitioner did something wrong if he was on trial. Counsel then went on, however, to explain that as jurors they could not made such an assumption, and that they must presume that Petitioner was not guilty. Petitioner's claim simply reads the passage out of context.

Petitioner's motion for rehearing is therefore **DENIED.**

**SO ORDERED.**

              s/John Corbett O'Meara
              United States District Judge

Date: October 1, 2013

   I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 1, 2013, using the ECF system and/or ordinary mail.

                s/William Barkholz
                Case Manager